```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| JEREMY GREY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 22-cv-2088 |
| | ) | |
| PEGGY JO GRANT and PHYLLIS G. TAYLOR, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER DENYING MOTION TO STRIKE**

    This case is brought under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101–12213. Plaintiff Jeremy Grey alleges that several features of a gas station, owned by Defendants Peggy Jo Grant and Phyllis G. Taylor in their capacities as trustees of a marital trust, violate the ADA. (ECF No. 1 at 3, 8.) Before the Court are Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion to Dismiss") (ECF No. 15), Defendants' Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint ("Motion to Strike") (ECF No. 19), Plaintiff's response, and Defendants' reply to the Motion to Strike (ECF Nos. 20, 25). For the following reasons, the Motion to Strike is DENIED, and the Motion to Dismiss is DENIED as moot.

I.   **Procedural History and Analysis**

Plaintiff filed his complaint on February 16, 2022. (ECF No. 1.) Defendants filed their Motion to Dismiss on June 30, 2022. (ECF No. 15.) Plaintiff then moved for "an order extending the time in which Plaintiff may respond to Defendant's [sic] Motion to Dismiss" to September 8, 2022. (ECF No. 16 at 1.) The Court granted the extension. (ECF No. 17.)

On September 8, 2022, rather than filing a response to Defendants' Motion to Dismiss, Plaintiff filed an amended complaint. (ECF No. 18.) Defendants moved to strike the amended complaint, pointing out that the twenty-one day period to amend a pleading as of right following a Rule 12(b) motion had expired. ECF No. 19; Fed. R. Civ. P. 15(a)(1). Plaintiff responded that, because the Court's order granted an extension of time to respond to the Motion to Dismiss, "Plaintiff also retained [his] right to file an amended complaint as a matter of course [under Federal Rule of Civil Procedure 15(a)(1)] until that date." (ECF No. 20 at 2.)

Plaintiff cites no authority to support the proposition that an extension of time to respond to a motion to dismiss automatically extends the time to file an amended pleading as of right. (Id.) Many district courts have found the opposite. Webb v. Republic Bank & Tr. Co., No. 3:11-CV-423, 2012 U.S. Dist. LEXIS 83475, at *5 (W.D. Ky. June 14, 2012) ("[C]ourts have . . .

2

found that extending the time to respond to a 12(b) motion to dismiss does not automatically extend the separate deadline to amend a complaint as a matter of course pursuant to 15(a)(1)."); see also Hayes v. Dist. of Columbia, 275 F.R.D. 343, 345–46 (D.D.C. 2011) (finding extension of time to respond to dispositive motion did not extend time to file amended complaint); Ramos v. Aurora Loan Servs., No. 9-61938-CIV, 2010 U.S. Dist. LEXIS 23982, at *1–2 (S.D. Fla. Mar. 15, 2010) (same); Ellis v. Jean, No. 10 Civ. 8837, 2011 U.S. Dist. LEXIS 146700, at *21–22 (S.D.N.Y Dec. 16, 2011) (same). But see Tucker Auto-Mation of N.C., LLC v. Rutledge, No. 1:15-cv-893, 2016 U.S. Dist. LEXIS 195949, at *6 nn.4–5 (M.D.N.C. Sept. 23, 2016) (collecting cases on both sides of the issue).

A request for an extension of time to respond to a Rule 12(b) motion does not automatically extend the time to file an amended pleading. Nothing in the text of the Federal Rules of Civil Procedure suggests that an extension of one period equates to the extension of the other. See Fed. R. Civ. P. 15(a). Considerations of clarity also favor treating the deadlines separately; a rule requiring a litigant to specifically articulate the relief requested allows the court to understand what is being asked of it and forestalls misunderstandings

3

between opposing counsel.[1] Because the Court's order extending the time to respond to the Motion to Dismiss did not extend the time to file an amended pleading, Plaintiff's amended complaint was untimely.

That conclusion does not necessarily mean that the amended complaint must be struck. Courts in this procedural posture have generally allowed the amended pleading if leave to amend would have been granted. See, e.g., Webb, 2012 U.S. Dist. LEXIS 83475, at *7.

The Court finds that leave to amend should be granted. Generally, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave may be denied "if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, would be futile, or [when] the plaintiff has repeatedly failed to cure deficiencies in the complaint," no such circumstances are present here. Rogan v. Lane, No. 98-1578, 1999 U.S. App. LEXIS 22488, at *9 (6th Cir. Sept. 13, 1999) (unpublished). The Court is unaware of any evidence of bad faith

---

[1] Plaintiff represented that his motion for an extension of time to respond to the Motion to Dismiss was unopposed. (ECF No. 16.) Based on the filing of the Motion to Strike, however, it is clear that Defendants' counsel did not understand himself to be consenting to the otherwise late filing of an amended complaint. Under a rule requiring litigants to make clear that they are seeking an extension to file an amended pleading, such miscommunications would not occur.

4

or dilatory motive. Although Defendants may experience some degree of inconvenience by having to defend against new factual allegations in the amended complaint, see ECF No. 18 at 11, the addition of new but related factual claims at this early stage in the litigation does not rise to the level of undue prejudice. See Trier v. Genesee Cnty., No. 2:17-CV-10236, 2017 U.S. Dist. LEXIS 121137, at *16 (E.D. Mich. Aug. 2, 2017) ("[N]o undue prejudice exists from amended pleadings simply because the opposing party would have to defend against new or better pleaded claims."). Leave to amend is GRANTED. The Motion to Strike is DENIED.

The Motion to Dismiss is DENIED as moot. The filing of an amended complaint renders moot any prior motions to dismiss. Aluma-Form, Inc. v. Smith, No. 16-02665, 2016 U.S. Dist. LEXIS 194678, at *2 (W.D. Tenn. Dec. 13, 2016). Because they have not yet been heard on the merits, Defendants are permitted to file a motion to dismiss the amended complaint if they choose to do so. The Court expresses no opinion as to the merit of any such motion.

**II.  Conclusion**

Leave to amend is GRANTED. Defendants' Motion to Strike, ECF No. 19, is DENIED. Defendants' Motion to Dismiss, ECF No. 15, is DENIED as moot. Defendants must file any answer to the amended complaint or motion under Federal Rule of Civil

5

Procedure 12 within twenty-one days of the entry of this Order. If Defendants elect to file a motion under Rule 12, the parties may file a response and reply to the extent permitted and under the deadlines established by this district's Local Rules.[2]

SO ORDERED this 12th day of October, 2022.

                                      /s/ *Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE

---

[2] On October 5, 2022, Plaintiff filed a Motion to Strike or, in the Alternative, Motion for Leave to File a Sur-Reply. (ECF No. 26.) The motion urges the Court not to consider the merits of the Motion to Dismiss, which were discussed in Defendants' reply to the Motion to Strike. (ECF Nos. 25, 26.) Because the Court denies the Motion to Strike and does not reach the merits of the Motion to Dismiss, the Motion to Strike or, in the Alternative, Motion for Leave to File a Sur-Reply, ECF No. 26, is DENIED as moot.